IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **CHERYL L. JACKSON**<br><br>     Plaintiff,<br><br>v.<br><br>**UNITED AIRLINES, INC.**<br><br>     Defendant. | CA No.: _____<br><br>JURY DEMANDED |

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff, Cheryl L. Jackson, complains of Defendant, United Airlines, Inc., and for cause of action would show the Court as follows:

### INTRODUCTION

1. Plaintiff demands a jury trial in this case as to any and all issues triable to a jury.

2. Plaintiff files this action against Defendant for its race discrimination under 42 U.S.C. § 1981 as well as Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, et. Seq. ("Title VII").

### PARTIES

1. Plaintiff Cheryl L. Jackson ("Jackson" or "Plaintiff") is an individual who resides in Houston, Harris County, Texas.

2. Defendant United Airlines, Inc. ("United Airlines" or "Defendant") is a foreign limited liability partnership authorized to do business in Texas employing more than fifteen (15) regular employees. Plaintiff worked for Defendant out of Harris County, Texas. Defendant

can be served through its registered agent C T Corporation System, 1999 Bryan St., Ste 900, Dallas, TX 75201-3136.

## VENUE

3. Venue is appropriate in the United States District Court for the Southern District of Texas, Houston Division because the events or omissions giving rise to the matter in controversy occurred in this district and because Defendant has substantial contacts within this district. Venue is proper in this Court under 28 U.S.C. § 1391.

## JURISDICTION

4. The Court has subject matter jurisdiction over this case based on federal question jurisdiction, under 28 U.S.C. §1331 and 42 U.S.C. § 1981.

5. The unlawful employment practices were committed within the jurisdiction of this Court.

## CONDITIONS PRECEDENT

6. No administrative exhaustion or other conditions precedents are required prior to the filing of claims under 42 U.S.C. § 1981. As for the claim for employment discrimination under Title VII, Plaintiff has exhausted her remedies and has received a Right to Sue letter from the United States Equal Employment Opportunity Commission on April 9, 2021.

## FACTS

7. Cheryl L. Jackson is an African-American female who was employed by Defendant from October 1, 1988, to August 31, 2020. Her last position was Senior Analyst.

8. Jackson was subjected to disparate treatment due to her race and color. She worked for the employer for over 30 years and had an excellent employment and performance record. Nevertheless, she was skipped for promotion.

9. On or about, May 2019, Jackson applied for a manager position when her former manager,

        Lisa Wolfe, retired. At the time Jackson applied, she had already been performing the interim manager duties and was a perfect candidate for the manager position.

10.    However, the position was instead offered to Elliot Lye, a Caucasian male, whose mother was the HR director, Amanda Lye. Mr. Lye was less experienced than Jackson and was with the company for only seven years or so. When Jackson asked the then director, Charlotte K., why she wasn't given the promotion, her response was that she wanted Jackson "to brush up on her communication skills." This had never been communicated to Jackson, either orally or written.

11.    On or about, July 22, 2020, Jackson was offered an Assistant Manager position, but without a salary increase even though they were requesting she take on more responsibilities with this promotion. Other employees were being promoted at this time, with pay increases. When Jackson asked, Clint Meehan, the current director, why she would not get compensation his response was that he would try later but could not guarantee anything.

12.    Other employees, such as Mr. Lye, a Caucasian male, Kauri Stoneman, a Caucasian female, Scott Keimig, a Caucasian male, and Kiana Jackson, a mixed-race female, were given better terms and conditions when they were promoted.

13.    No African American employees were in upper management in Jackson's department during the duration of her over-thirty-years employment with Defendant.

14.    For over thirty years, Jackson rose to and above every expectation Management suggested she have under her belt to advance her career to become an Assistant Manager. Jackson never saw an African-American male or female acquire this role. Jackson always communicated that she wanted to be promoted, but never to any avail because Defendant consistently and always continued to choose Caucasian males or females for promotion

opportunities.

15. Jackson was forced to retire because no matter how hard and above expectation she performed, she was never able to achieve a promotion to a management position with adequate compensation. Ms. Jackson was therefore, constructively discharged.

## CAUSES OF ACTION

### I.
### *RACIAL DISCRIMINATION 42 U.S.C. § 1981.*

16. Plaintiff hereby incorporates and realleges each and every paragraph of the facts.

17. Defendant has discriminated against Plaintiff in the terms and conditions of Plaintiff's employment because of Plaintiff's race. Plaintiff was subjected to discriminatory treatment that resulted in her constructive discharge on the basis of her race, in violation of 42 U.S.C. § 1981.

18. Defendant's conduct has been intentional, deliberate, willful, malicious, reckless, and/or conducted in callous disregard of the rights of Plaintiff – entitling Plaintiff to punitive damages.

19. As a result of Defendant's conduct, Plaintiff has suffered and continues to suffer harm, including but not limited to: lost employment opportunities, lost wages, lost back pay and front pay, lost benefits, and attorneys' fees and costs. Plaintiff is entitled to recover such monetary and other damages, punitive damages, interest, and attorneys' fees and costs from Defendant under 42 U.S.C. § 1981.

20. As a further result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer impairment to her name and reputation, humiliation, embarrassment, emotional distress, and mental anguish. Plaintiff is entitled to recover damages for such injuries form the Defendant under 42 U.S.C. § 1981.

## II.
## *RACE DISCRIMINATION UNDER TITLE VII*

21. Plaintiff hereby incorporates and realleges each and every paragraph of the facts.

22. Defendant has discriminated against Plaintiff in the terms and conditions of Plaintiff's employment because of Plaintiff's race. Plaintiff was subjected to discriminatory treatment that resulted in her constructive discharge on the basis of her race, in violation of Title VII.

23. Defendant's conduct has been intentional, deliberate, willful, malicious, reckless, and/or conducted in callous disregard of the rights of Plaintiff – entitling Plaintiff to punitive damages.

24. As a result of Defendant's conduct, Plaintiff has suffered and continues to suffer harm, including but not limited to: lost employment opportunities, lost wages, lost back pay and front pay, lost benefits, and attorneys' fees and costs. Plaintiff is entitled to recover such monetary and other damages, punitive damages, interest, and attorneys' fees and costs from Defendant under Title VII.

25. As a further result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer impairment to her name and reputation, humiliation, embarrassment, emotional distress, and mental anguish. Plaintiff is entitled to recover damages for such injuries form the Defendant under Title VII.

## **DAMAGES**

26. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered loss of wages, both in the past, present, and future, as well as compensatory damages, including but not limited to emotional distress.

## ATTORNEY'S FEES

27. Defendant's action and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff retaining the services of ROSENBERG & ASSOCIATES, 3518 Travis Street, Suite 200, Houston, Texas 77002 in initiating this proceeding. Plaintiff seeks recovery of reasonable and necessary attorney's fees. An award of reasonable and necessary attorney's fees to Plaintiff would be equitable and just and therefore authorized by Section 37.009 of the Civil Practice and Remedies Code.

## PRAYER

WHEREFORE, Plaintiff requests that Defendant be cited to appear and answer herein, and then on final hearing, Plaintiff have judgment as follows:

a. Judgment against Defendant, for actual damages sustained by Plaintiff as alleged herein;

b. Judgment against Defendant, for back pay lost by Plaintiff as alleged herein;

c. Judgment against Defendant, for front pay by Plaintiff as alleged herein;

d. Grant Plaintiff general damages for the damage to Plaintiff's reputation;

e. Pre-judgment interest at the highest legal rate;

f. Post-judgment interest at the highest legal rate until paid;

g. Compensatory damages;

h. Attorney's fees;

i. All costs of court expended herein;

j. Such other and further relief, at law or in equity, general or special to which Plaintiff may show Plaintiff justly entitled.

Respectfully submitted,

***/s/ Gregg M. Rosenberg***
Gregg M. Rosenberg
Attorney-in-Charge for Plaintiff
USDC SD/TX No. 7325
Texas State Bar ID 17268750
Gregg@rosenberglaw.com
Nazanin Salehi
USDC SD/TX No. 3384749
Texas State Bar ID 24103913
Nazanin@rosenberglaw.com
ROSENBERG & ASSOCIATES
3518 Travis Street, Suite 200
Houston, Texas 77002
(713) 960-8300
(713) 621-6670 (Facsimile)
ATTORNEYS FOR PLAINTIFF